### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

TRUMAN L.,

        Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

        Defendant.

Case No. 19-CV-510-FHM

### OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

### Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's February 17, 2017, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") B.D. Crutchfield was held September 4, 2018. By decision dated September 24, 2018, the ALJ denied Plaintiff's application for benefits. On July 18, 2019, the Appeals Council issued a corrective decision, adopting the ALJ's findings and correcting the references to sedentary work. [R.. 4-6]. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the amended date of alleged onset of disability and 45 on the date of the ALJ's denial decision.  He has a high school education and formerly worked as a slitter operator and hand packager.  He claims to have been unable to work since May 13, 2017 as a result of back pain and dysfunction, obesity, major depressive disorder, posttraumatic stress disorder, and generalized anxiety disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments:

> multilevel lumbar spondylosis, moderate stenosis and subtle cord compression at T11-12; stenosis at L5-S1; obesity; major depressive disorder; posttraumatic stress disorder; and generalized anxiety disorder[.]

[R. 22].  The ALJ found that Plaintiff retains the residual functional capacity (RFC) to lift/carry/push/pull 10 pounds frequently or 20 pounds occasionally; stand and/or walk for 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday, except he should not climb ladders, ropes, and scaffolds; he can occasionally climb stairs and ramps; and avoid hazards such as unprotected heights and moving machinery.  He is limited to simple

routine tasks with occasional contact with the public. [R. 25]. Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail). These findings were adopted by the Appeals Council. [R. 5-7].

### Plaintiff's Allegations

Plaintiff asserts that the ALJ's RFC for light work is internally inconsistent. In the decision the ALJ states that, based on Plaintiff's back impairment and obesity, he is unable to perform light work, but the RFC is for light work.

### Analysis

The Appeals Council issued a corrective decision, noting that the hearing decision revealed three instances where the Plaintiff's exertional limitations were erroneously stated as "sedentary," which conflicts with the RFC assessment for light work. [R. 4]. The Appeals Council audited the hearing testimony and confirmed that the hypothetical questioning of the vocational expert related to light work. Further, the Appeals Council observed that no hypothetical question was presented to the vocational expert containing a limitation to sedentary work, nor did any medical source opinion suggest that Plaintiff was so limited. The Appeals Council stated that the references to the limitation to sedentary work therefore appear to be erroneous and further found that the record substantially supports the finding that Plaintiff is limited to light work. [R. 4-5].

The foregoing demonstrates that the Appeals Council corrected the error Plaintiff raises on appeal.  Plaintiff makes no objection to any of the findings or conclusions made by the Appeals Council.  The court finds no basis for reversing the Commissioner's denial decision.

## Conclusion

The decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 23rd day of September, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE